11-5457-cr
United States v. Eldridge

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand thirteen.

PRESENT: REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*,
JED S. RAKOFF,
*District Judge*.[*]

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                            No. 11-5457-cr

THAMUD ELDRIDGE, a/k/a Robert Muhammad,
*Defendant-Appellant*.

------------------------------------------------------------------------


APPEARING FOR APPELLANT:         JEREMY D. SCHWARTZ, The Eoannou Law Firm, Buffalo, New York.

APPEARING FOR APPELLEE:          JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, New York.

---

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 21, 2009, is AFFIRMED.

Defendant Thamud Eldridge stands convicted after a jury trial on charges of being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), possessing crack cocaine with intent to distribute, see 21 U.S.C. § 841(a)(1), and unlawfully possessing marijuana, see id. § 844(a). On this appeal, Eldridge challenges the second count of conviction, arguing that (1) Buffalo Police Detective William Donovan was erroneously allowed to testify that the 2.5 grams of crack recovered from Eldridge was consistent with dealing rather than personal use, and (2) the evidence was insufficient to support a guilty verdict. We review rulings on expert testimony for abuse of discretion and will vacate a conviction only for manifest and prejudicial error. See United States v. Barrow, 400 F.3d 109, 123 (2d Cir. 2005). While we review a sufficiency challenge de novo, we are obliged to view the evidence in the light most favorable to the verdict and to uphold the conviction as long as "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Expert Testimony

Eldridge claims that Detective Donovan's testimony that 2.5 grams of crack was more consistent with dealing than with personal use impermissibly opined on Eldridge's mental state, "an element of the crime charged." Fed. R. Evid. 704(b). Moreover, Eldridge submits that the testimony should have been excluded as not helpful to the jury. See id. 702(a). Neither argument has merit.

Expert testimony that a quantity of drugs is generally more consistent with distribution than with personal use, if credited, may allow the jury to infer a defendant's intent, but that testimony does not itself opine on the particular defendant's intent. Thus, such testimony is normally admissible. See United States v. Lopez, 547 F.3d 364, 373 (2d Cir. 2008) (upholding against Rule 704(b) challenge expert testimony "that, based on his experience as a drug investigator, the drugs and paraphernalia found in [defendant]'s car were more consistent with distribution than personal use").

Nor is there reason to conclude that Donovan's testimony was insufficiently helpful to the jury to justify admission. See generally United States v. Tapia-Ortiz, 23 F.3d 738, 741 (2d Cir. 1994) ("Testimony about the weight, purity, dosages, and prices of cocaine clearly relates to knowledge beyond the ken of the average juror."). In urging otherwise, Eldridge invokes United States v. Boissoneault, 926 F.2d 230 (2d Cir. 1991). There, however, an expert witness testified that the totality of physical evidence in the case "suggested 'street level distribution of cocaine.'" Id. at 233 (proposing, without deciding, that testimony did not meet Rule 702(a)'s helpfulness criterion because jury could draw own conclusion as to

3

defendant's involvement in cocaine distribution). Here, Detective Donovan offered no such overarching, case-specific opinion; he simply provided the jury with the benefit of his 21 years' experience about the quantity of drugs possessed by traffickers versus users. Thus, he testified that, in his experience, individuals arrested for purchasing crack cocaine for personal use routinely possess no more than "two to three bags," each containing "one-tenth of a gram" or less, Trial Tr. 106, J.A. 885; see also id. at 112, J.A. 891 (testifying that, on rare occasion, user will purchase up to 10 bags at once), information plainly beyond the ken of the average juror. He expressed no opinion as to Eldridge's own intent or involvement in the distribution of crack cocaine. See United States v. Boissoneault, 926 F.2d at 233 (endorsing expert testimony that "simply explain[s] the likely significance of properly admitted physical evidence").[1]

Accordingly, we identify no abuse of discretion in the admission of Detective Donovan's expert opinion testimony.

2.     Sufficiency of Evidence

Eldridge argues that, irrespective of evidentiary error, the record does not support his conviction on Count Two. Specifically, he maintains that no reasonable jury could have concluded beyond a reasonable doubt that the 2.5 grams of crack cocaine in question were intended for distribution rather than personal use. We are not persuaded.

---

[1] Insofar as a court must protect against the "assumption that the [expert] witness has knowledge of the defendant's activities that goes beyond the evidence at trial," United States v. Barrow, 400 F.3d at 124 (internal quotation marks omitted), no rational juror here could so assume in light of Donovan's testimony that he was not involved "at all" in the investigation or arrest of Eldridge, Trial Tr. 11, J.A. 890.

"[P]ossession of a small quantity of drugs standing alone is insufficient to prove an intent to distribute," but because "the statute specifies no minimum amount, any amount of drugs, however small, will support a conviction when there is additional evidence of [such] intent." United States v. Martinez, 54 F.3d 1040, 1043 (2d Cir. 1995). In arguing that additional evidence of intent is missing here, Eldridge points to the lack of drug-dealing paraphernalia found on his person, along with his possession of cigars that, he asserts, could be used to make crack-laced marjiuana cigarettes for his own consumption. Eldridge was, of course, free to make these arguments to the jury, which apparently rejected them. See United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003) ("[I]t is the task of the jury, not the court, to choose among competing inferences that can be drawn from the evidence."). In fact, Detective Donovan testified on redirect examination that he had "never," in his 21 years' experience, heard of 2.5 grams of crack cocaine being used in a marijuana cigarette. Trial Tr. 123, J.A. 902.

More to the point, Donovan also testified that firearms—such as the one supporting Eldridge's felon-in-possession conviction, not challenged on appeal, see 18 U.S.C. § 922(g)(1)—are common tools of drug dealers looking to prevent theft of money and contraband. See United States v. Boissoneault, 926 F.2d at 234 (observing that defendant's ownership of "gun or other weapon" would support "inference that he was engaged in the dangerous business of drug trafficking"); accord United States v. Wallace, 532 F.3d 126, 131 (2d Cir. 2008). While Eldridge tried to mitigate his possession by characterizing it as fleeting and highlighting that the firearm was inoperable unless manipulated, a reasonable jury was

5

nevertheless entitled to consider this possession, together with Donovan's testimony regarding drug quantity, to draw an inference of intent to distribute. Notably, the weapon was recovered from a second-story apartment in which Eldridge was arrested following a scuffle with police, after he had hurled himself through a glass window at the conclusion of a high speed foot chase. The jury was free to conclude from these circumstances that such a dramatic physical encounter was not consistent with possession of crack for personal use, particularly where the quantity possessed was 25 times the normal single dosage.

Accordingly, we reject Eldridge's challenge to the sufficiency of the evidence supporting his conviction.

The judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6